UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA GAMEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAFEWAY, INC.,<br><br>                    Defendant. | CASE NO. C24-746 MJP<br><br>ORDER DENYING MOTION TO EXTEND CASE SCHEDULE |

This matter comes before the Court on Plaintiff's Motion to Continue (Dkt. No. 19) and Defendant's Motion to Exclude Plaintiff's Expert Witnesses (Dkt. No. 17). Having reviewed the Motions, the Responses (Dkt. Nos. 21, 23), the Replies (Dkt. Nos. 25, 27) and all supporting materials, the Court GRANTS the Motion to Continue, in part, and DENIES the Motion to Exclude.

**BACKGROUND**

Plaintiff requests a three to four month extension of the trial date and remaining case deadlines. (Dkt. No. 19.) The Court earlier denied the Parties' February 18, 2025 joint motion

requesting a sixty day extension of the expert disclosures, discovery, and dispositive motions deadlines on March 3, 2025. (Dkt. Nos. 15 & 16.) The Court found a lack of good cause, given inadequate explanations of why more time was needed, what specific work remained, and why it could not be completed within the timelines set out. (Dkt. No. 16.) Plaintiff's counsel has now explained that he recently underwent surgery which has impacted his ability to litigate this matter, and that he has a number of scheduling conflicts in a variety of civil and criminal matters. (Dkt. No. 19.) Counsel notes further that he is the sole civil litigator in his firm, which has struggled with staffing due to the departure of two attorneys (one became a judge and the other was indicted on federal charges). (Second Declaration of Casey Arbenz ¶¶ 2-7 (Dkt. No. 28).) Combined with expert availability, these events have put substantial strain on his ability to litigate this matter and obtain expert reports. (See id.) Defendant opposes the requested extension of the case schedule and asks the Court to strike Plaintiff's experts because the expert reports were not timely filed and some of the experts not timely disclosed. (Dkt. No. 17.)

## ANALYSIS

**A.    Legal Standard re: Case Extension**

Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." Id. (citation omitted).

### B. Brief Case Extension Warranted

The Court here finds good cause to extend the expert disclosure, discovery motion, discovery, and dispositive motion deadline. Plaintiff's counsel has identified several issues beyond his control that warrant an extension so that the merits of this matter may be litigated. Notably, counsel has identified several events beyond his control that have impacted the timeliness of expert disclosures: expert availability, a surgery, and an unexpected and increased case load due to attorney departures. While counsel owes a duty to his client to effectively manage a case load and zealously advocate for their client, a client should not be penalized when counsel cannot complete the expert discovery when so many intervening obstacles arise.

To ensure the Parties can complete expert discovery, the Court believes that an extension of the expert, discovery, discovery motion, and dispositive motion deadline is warranted. But the Court does not believe it is necessary to extend the trial date. Accordingly, the Court ORDERS as follows:

1. Expert reports shall be disclosed by no later than April 20, 2025;
2. Discovery motions must be filed and discovery completed by no later than May 27, 2025;
3. Dispositive motions must be filed by June 27, 2025.

All other case deadlines shall remain the same.

### C. Defendant's Motion to Exclude

Defendant asks the Court to exclude Plaintiff's experts because they did not timely submit written reports or were not timely disclosed by the February 24, 2025 deadline. The Court understands Defendant's position, but it also finds that Plaintiff has identified good cause to

allow an extension of the expert deadline. Because the Court has extended the expert deadline, the Court DENIES the Motion to Exclude as MOOT. The Court's denial is without prejudice.

## CONCLUSION

The Court finds limited good cause exists to permit an extension of the expert, discovery, discovery motions, and dispositive motion deadlines. But no other deadlines shall be extended. The Court therefore GRANTS the Motion to Continue in part and DENIES as MOOT the Motion to Exclude Experts.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 10, 2025.

Marsha J. Pechman
United States Senior District Judge