UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA GAMEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>SAFEWAY, INC.,<br><br>                Defendant. | CASE NO. C24-746 MJP<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND AND TO CONTINUE TRIAL DATE |

This matter comes before the Court on Defendant's Motion for Leave to Amend Pleadings to Assert a Third-Party Complaint and to Continue Trial Date. (Dkt. No. 34.) Having reviewed the Motion, the Response (Dkt. No. 35), the Reply (Dkt. No. 36) and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Defendant Safeway, Inc. asks for leave to amend its answer and assert a third-party complaint against Evergreen Asphalt and Concrete Construction, Inc., a non-party. Safeway claims that Evergreen had a contractual obligation to maintain the surfaces that allegedly caused

the injuries to Plaintiff. (See Mot. at 1.) Safeway now wishes to assert breach of contract and contribution claims against Evergreen through a third-party complaint. (Declaration of Leah Harris Ex. 1 (Dkt. No. 34-1).) It also asks for an unspecified extension of the case schedule to allow for service and motions practice involving Evergreen. (Mot. at 2.) Plaintiff does not object to Safeway's Motion, but asks that any continuance "be reasonable and not a cause of significant delay on the conclusion of this litigation." (Pl. Resp. (Dkt. No. 35).)

The Court reviews the timing of Safeway's request as it relates to the existing case schedule and its knowledge of its claims against Evergreen. Plaintiff filed her lawsuit on April 10, 2024. (Dkt. No. 1-2.) After removing this action, Safeway filed its answer on June 14, 2024. (Dkt. Nos. 1-2, 8.) On September 6, 2024, the Court set a case schedule for this matter, which included a joinder deadline of October 4, 2024, an amended pleadings deadline of October 15, 2024, and a September 22, 2025 trial date. (Dkt. No. 12.) Well before the Court set the case schedule, Safeway sent a letter dated August 1, 2024, to Evergreen with a tender of defense and request for indemnification. (Harris Decl. Ex. 3 at 1-2.) As such, even before the Court set the case schedule and the joinder deadline, Safeway knew of its desire to pursue indemnification from Evergreen and of its potential breach of contract claims. Safeway waited until July 8, 2025 to file the instant Motion, which did not note until July 29, 2025—roughly two months before trial and well after the June 27, 2025 dispositive motion deadline. (See Motion (Dkt. No. 34); Order Extending Deadlines (Dkt. No. 29).) Safeway provides no explanation as to why it waited to seek to file a third-party complaint against Evergreen. And from the evidence presented, Safeway took no action to pursue indemnification from Evergreen until June 3, 2025, when it sent a follow-up letter to its August 1, 2024 letter. (Id. at 3-4.)

ORDER DENYING MOTION FOR LEAVE TO AMEND AND TO CONTINUE TRIAL DATE - 2

**ANALYSIS**

**A.    Legal Standards**

Safeway's Motion implicates several Federal Rules of Civil Procedure, which the Court reviews.

First, Rule 14(a) allows a defendant party to bring a third-party complaint, but also requires the defendant to obtain leave of court to do so more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a). Rule 14 is to be construed liberally in favor of allowing impleader. See Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999). But the Court retains broad discretion in determining the propriety of a third-party claim under Rule 14. See Sw. Admin., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). In weighing whether to grant impleader, many courts consider factors such as the complication of issues at trial, prejudice to the original plaintiff, likelihood of trial delay, and timeliness of the motion to implead. See Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000); Zero Tolerance Entm't, Inc. v. Ferguson, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

Second, where a Court has set a deadline for joinder, as the Court has here, the defendant must also demonstrate good cause for leave to amend its answer after the joinder deadline in accordance with Rule 16(b). Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." Id. (citation omitted).

1         Third, if the Court finds good cause under Rule 16(b), then the Court also considers Rule 15(a), which also governs amendment of the pleadings. When a party seeks to amend its pleading, as Safeway does here, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The court considers five factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). "Not all factors merit equal weight," and the Court must assess "[p]rejudice [as] the touchstone of the inquiry under rule 15(a)." Eminence, 316 F.3d at 1052 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

**B.**     **Record Does Not Support Leave to Amend**

        Because Safeway asks for leave to file a third-party complaint well after the deadline the Court set for joinder and amendment of the pleadings, Safeway must first satisfy Rule 16(b)'s good cause standard before the Court considers either Rule 14 or 15. On this point, Safeway's Motion is deficient.

        Safeway has done little to demonstrate good cause to allow the late amendment to its answer and to file a third party-complaint. In its Motion, Safeway cites to Washington procedural law to argue that the current schedule would be inadequate to allow Safeway and Evergreen to litigate the issues proposed in the third-party complaint. (Mot. 5-6.) There are two problems with this argument. First, under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), federal courts apply

federal procedural law to diversity cases, not state procedural law. See Goldberg v. Pac. Indem. Co., 627 F.3d 752, 755 (9th Cir. 2010). Safeway removed this action under the Court's diversity jurisdiction, and the Federal Rules of Civil Procedure here apply to the pending Motion, not Washington law. Second, Safeway has not addressed good cause under Rule 16 and why it should be allowed to add a third-party complaint less than two months before trial, well after the amended pleadings and joinder deadline. At most, Safeway argues that it should be allowed an extension of the trial date to allow both it and Evergreen to litigate the third-party claims. But this is not the correct question pending before the Court.

The Court here finds no good cause to allow an amendment to the answer and to join a new party more than ten months after the deadlines and within two months of trial. Safeway has failed to provide any evidence of good cause. The record here shows that Safeway was aware of its potential claims against Evergreen and sought indemnification by August 1, 2024. This was one month before the Court set a case schedule, which included an October 4, 2024 deadline for joinder and an October 15, 2024 deadline for amended pleadings. And yet Safeway took no apparent action on its desire for indemnification until June 3, 2025, when it sent a follow-up letter to Evergreen. It then waited an additional month to file the instant Motion, which would greatly disrupt the upcoming September 22, 2025 trial date. The record before the Court showcases a lack of diligence through Safeway's inaction, and Safeway has provided no explanation or evidence that might lead the Court to reach a different conclusion. Ninth Circuit precedent directs that when the moving "party was not diligent, the inquiry should end." See Johnson, 975 F.2d at 609 (citation omitted). In accordance with this directive, the Court does not consider whether amendment of the Answer or the filing of the third-party complaint are proper under Rules 14 and 15. Reaching those question is unnecessary because amendment to the case

1 | schedule under Rule 16(b) presents the primary and dispositive question for the Court's
2 | resolution. The Court therefore DENIES the Motion.

## CONCLUSION

The Court finds that Safeway has failed to demonstrate the necessary good cause to allow it to file a late amendment to its answer and assert a third-party complaint. The lack of diligence is apparent on the record, which makes any alteration in the case schedule here improper under Rule 16(b). The Court therefore DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 1, 2025.

Marsha J. Pechman
United States Senior District Judge